UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JEREMIAH HOLSHOUSER,       )
                           )
                           )
   Plaintiff,              )
                           )
   v.                      )   15-CV-3134
                           )
WARDEN JEFF KORTE,         )
                           )
                           )
   Defendants.             )
                           )

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his incarceration in the Western Illinois Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to identify cognizable claims and dismiss claims that are not cognizable. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

## Allegations

Plaintiff challenges the prison's co-payment policy for top and bottom partial dentures. The sum of $7.50 is deducted from Plaintiff's prison account each month to pay off the $265.00 total cost for the dentures. Plaintiff earns $14.95 per month from his prison job, so he has little or nothing left to spend at the commissary after the deduction.

Plaintiff complained, but prison officials responded that Plaintiff had signed an agreement consenting to the monthly deduction of $7.50. The prison officials have not been able to produce a copy of the purported agreement despite Plaintiff's request. Plaintiff's understanding and agreement was that only 20% of his monthly income would be deducted for the dentures, which would be about $3.00. The person responding to Plaintiff's grievance agreed with Plaintiff, but $7.50 is still being deducted.

## Analysis

Charging a co-pay for services in prison, even necessary dental or medical services, does not by itself violate the U.S. Constitution. *See* Poole v. Isaacs, 703 F.3d 1024 (7th Cir. 2012)("the imposition of a modest fee for medical services, standing alone, does not violate

the Constitution.")  Plaintiff is not being denied necessary dental work—he is only being required to share the costs if he is able, just like he is required to pay the filing fee in this case if he is able.

Similarly, no federal claim arises from the incorrect calculation of the co-pay.  Plaintiff may have some sort of state law claim if the prison is violating a state law or breaching a contract, but "federal courts do not sit to compel a state's compliance with its own law. . . ."  Tenny v. Blagojevich, 659 F.3d 578 (7th Cir. 2011)(no federal claim arose from IDOC's mark-up of commissary items above statutory cap).  This action must, therefore, be dismissed for failure to state a federal claim.

**IT IS ORDERED:**

1)  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because the co-pay does not violate any federal law.

2)  This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3)     Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

5)     **The clerk is directed to record Plaintiff's strike in the three-strike log.**

ENTERED: August 10, 2015

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE